**THE CAVANAGH LAW FIRM**
A Professional Association

1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

Scott A. Salmon, SBN 006443
ssalmon@cavanaghlaw.com
Attorneys for Defendant Safeco Insurance

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest Moreno and Amelia Moreno, husband and wife,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Safeco Insurance Company of America, a/k/a Safeco Insurance, a member of Liberty Mutual Group, Inc., a foreign corporation,<br><br>　　　　　　　　　　　Defendant. | NO. _____<br><br>**DEFENDANT'S PETITION FOR REMOVAL AND NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Safeco Insurance Company of America ("Defendant"), by and through counsel undersigned, respectfully files this Petition for Removal and Notice of Removal of *Ernest Moreno and Amelia Moreno, husband and wife v. Safeco Insurance Company of America, a/k/a Safeco Insurance, a member of Liberty Mutual Group, Inc., a foreign corporation*, Maricopa County Superior Court Case No. CV2015-007941, from the Superior Court of the State of Arizona, Maricopa County, to the United States District Court for the District of Arizona, and in support thereof says as follows:

7548428_1

1. A civil action seeking to recover money damages has been commenced by Plaintiffs Ernest Moreno and Amelia Moreno, and is now pending in the Maricopa County Superior Court in and for the State of Arizona, captioned *Ernest Moreno and Amelia Moreno, husband and wife v. Safeco Insurance Company of America, a/k/a Safeco Insurance, a member of Liberty Mutual Group, Inc., a foreign corporation*, Maricopa County Superior Court Case No. CV2015-007941 ("the State Action").

2. Plaintiffs' Complaint was filed on July 8, 2015. True and correct copies of the original Complaint, Summons, Certificate of Compulsory Arbitration, and Demand for Jury Trial, are attached hereto as Exhibit "A" and incorporated herein by reference.

3. Plaintiffs' Complaint was not properly served on Defendant and Defendant so advised Plaintiff.

4. Plaintiffs' Amended Complaint was filed on July 30, 2015. A true and correct copy of the Amended Complaint filed by Plaintiffs in the State Action, is attached hereto as Exhibit "B" and incorporated herein by reference.

5. The Amended Complaint was served upon Defendant on August 10, 2015. A copy of the Affidavit of Service is attached hereto as Exhibit "C."

6. A copy of the First Amended Summons is attached hereto as Exhibit "D."

7. A copy of the First Amended Certificate of Compulsory Arbitration is attached hereto as Exhibit "E."

8. A copy of Plaintiffs' First Amended Demand for Jury Trial is attached hereto as Exhibit "F."

9. To date, Defendant is not aware of other pleadings filed in the State Action.

10. Pursuant to L.R. 3.6(b), Defendant certifies that Exhibits A–F are true and correct copies of all pleadings and other documents filed in the State Court proceeding.

11. According to Plaintiffs' Complaint, Plaintiffs are citizen of the state of Arizona. See Exhibit B at ¶ I.

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

12. According to Plaintiffs' Complaint, Plaintiff Ernest Moreno suffered personal injury as a result of a motor vehicle collision. <u>See</u> Exhibit B at ¶ III.

13. Defendant is a corporation organized under the laws of the state of New Hampshire with its principal place of business located in Boston, Massachusetts.

14. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiffs have demanded the $100,000 policy limit in satisfaction of their claim against Defendant <u>See</u> Exhibit G.

15. In addition, Plaintiffs seek punitive damages, which can be considered in satisfying the jurisdictional limit for the case. <u>See</u> Exhibit B at ¶ X; *Thomas v. Standard Ins. Co.*, 2010 WL 994507 (D. Ariz. 2010) (a claim for punitive damages can be considered when determining whether the jurisdictional minimum has been satisfied).

16. Plaintiffs also seek attorney's fees, which can also be considered in satisfying the jurisdictional limit for the case. <u>See</u> Exhibit B at 4:21; *Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575 (D. Ariz. 2003) (holding that a claim for attorney's fees and costs can be considered in determining whether the jurisdictional minimum has been satisfied).

17. Plaintiffs have also certified that the case is not subject to compulsory arbitration, meaning that Plaintiffs view the case as having a value in excess of $50,000. <u>See</u> Exhibit E; *Ansley*, 215 F.R.D. 575 (holding that a Certificate Regarding Compulsory Arbitration is a concession of the claimed value of a case for purposes of determining whether the jurisdictional minimum has been satisfied).

18. Defendant is entitled to remove this matter from the Superior Court of Maricopa County pursuant to 28 U.S.C. § 1441.

19. There are no other named defendants in this matter so no additional consent is necessary. 28 U.S.C. § 1446(a).

20. This Notice of Removal is filed pursuant to 28 U.S.C. Section 1446(b)(2)(B) within 30 days of service of the Complaint in the State Action upon Defendants, as provided in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); *Lacey v. Malandro Commun., Inc.*, No. CV-09-01429; 2009 U.S. Dist. Lexis 113993 (D. Ariz., Dec. 8, 2009).

21. Pursuant to LRCiv 3.6(a), a copy of the Notice of Removal has been filed with the Clerk of the Superior Court of the State of Arizona, Maricopa County.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the aforesaid action pending in the Superior Court of Maricopa County, State of Arizona, be removed from that Court to the United States District Court in and for the District of Arizona for trial and determination of all issues, subject to motions pursuant to Rule 12 of the Federal Rules of Civil Procedure.

DATED this 8th day of September, 2015.

THE CAVANAGH LAW FIRM, P.A.

By: s/ Scott A. Salmon
Scott A. Salmon
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing to the following parties:

>William H. Doyle
>The Doyle Firm
>1313 East Osborn Road, Suite 220
>Phoenix, AZ 85014
>alg@doylelawgroup.com
>Attorneys for Plaintiffs
>
>Scott M. Golden
>1313 East Osborn Road, Suite 220
>Phoenix, AZ 85014
>scott@smg-law.com
>Attorneys for Plaintiffs

                s/ S. Albue